UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN A. BELL, )
)
            Plaintiff, )
)
      v. )    Civil Action No. 14-30131-MAP
)
)
HAMPDEN COUNTY PROBATION )
OFFICE and PROBATION OFFICER )
BRIDGET, )
)
            Defendants )

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S
MOTION TO PROCEED *IN FORMA PAUPERIS* (Document No. 2)
AND SCREENING OF COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)
August 4, 2014

NEIMAN, U.S.M.J.

Shawn A. Bell ("Plaintiff"), proceeding *pro se*, brings this action against the Hampden County Probation Office and an individual identified in Plaintiff's complaint as "Probation Officer Bridget" (together, "Defendants"). Presently before the court is Plaintiff's motion for leave to proceed *in forma pauperis*, which motion has been referred to this court.[1] For the reasons which follow, the court will grant Plaintiff's motion to proceed *in forma pauperis* but, pursuant to 28 U.S.C. § 1915(e)(2), will recommend that Plaintiff's complaint be dismissed without prejudice.

I. BACKGROUND

Plaintiff filed the complaint on July 22, 2014. In addition to identifying federal

---

[1] Because dismissal of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) would be dispositive, the court proceeds by way of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

question jurisdiction as the basis of the court's jurisdiction, the complaint states in its entirety the following: "Probation Officer Bridget did not submit completion of probation to State of Maryland cause [sic] invalid warrant now I partially paralyzed after traumatic brain injury in CCDC of Maryland seeking $60 million dollars and punitive damages." Plaintiff has also filed an application to proceed *in forma pauperis*.

## II. DISCUSSION

Upon review of Plaintiff's application, the court concludes that he is without income or assets to pay the filing fee. Accordingly, the court will grant the motion for leave to proceed *in forma pauperis*. Unfortunately for Plaintiff's cause, however, that does not end matters. Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). Although the requirements

of Rule 8(a)(2) are indeed "minimal," those "requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). Accordingly, a plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a *plausible* claim for relief" states a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." *Id.* (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Here, Plaintiff's complaint clearly fails to state a claim upon which relief can be granted. It lacks even the most basic facts which would provide Defendants adequate notice and allow them to respond. For example, Plaintiff fails to allege: when these events occurred; how Bridgett's failure to "submit completion of probation to [the] State of Maryland cause[d] [an] invalid warrant" to issue; how Plaintiff suffered a traumatic brain injury; how that event is connected to Bridgett's failure to submit completion of probation and the invalid warrant; and, indeed, how the allegations would support federal jurisdiction. Without more information, the complaint does not fulfill the minimal requirement of giving Defendants "fair notice of what [Plaintiff's] claim is and the grounds upon which it rests." *Educadores*, 367 F.3d at 66. Nor, as presently pled, does Plaintiff's complaint state a *plausible* claim for relief. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The allegations which are included in the complaint are simply too vague and conclusory. *See id.* at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 555, 557)).

### III. CONCLUSION

For the reasons stated, the court recommends that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).[2]

SO ORDERED.

Dated: August 4, 2014

     /s/ Kenneth P. Neiman
     KENNETH P. NEIMAN
     U.S. Magistrate Judge

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.